CENTRAL AGUIRRE SUGAR Co., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent.

No. 10. Argued November 6, 1944.—Decided December 8, 1944.

*Hartzell, Kelly & Hartzell, Rafael O. Fernández*, and *José L. Novas* for petitioner. *Jesús A. González* and *Ramón Gandía Biscombe, Law Clerk*, for the intervener Treasurer of Puerto Rico. *James R. Beverley, R. Castro Fernández*, and *José López Baralt*, as *amicus curiae.*

Mr. Chief Justice Travieso delivered the opinion of the court.

The essential facts of this case, as to which there is no dispute between the parties, are in short as follows:

Central Aguirre Sugar Company is a corporation organized under the laws of Puerto Rico and has its principal office at Aguirre, Municipality of Salinas, in this island. The principal stockholder of said corporation is alleged to be Central Aguirre Associates, a Massachusetts trust or association, with a principal office at Boston and without any office or place of business in Puerto Rico.

On July 15, 1940, the petitioning corporation paid a total dividend of $1,620,000 to its stockholders. Of that sum, $1,619,856 was paid to Central Aguirre Associates.

On or about January 15, 1941, Central Aguirre Associates filed with the Treasurer of Puerto Rico an income tax return in accordance with the law then in force, showing its gross income from sources within Puerto Rico which included the dividend received from the petitioning corporation. The return did not show any net income of Central Aguirre Associates subject to tax, in accordance with the law in force at that time. (Sec. 32 (*a*) (6), Income Tax Act of 1924.)

On March 15, 1941, the petitioning corporation filed its income tax return in which it set forth the amount paid by it as a dividend during the calendar year 1940, including the sum paid to Central Aguirre Associates but without stating the deduction or withholding of any sum as tax assessable to said Massachusetts trust or association.

On November 22, 1941, the Treasurer of Puerto Rico served notice and demand upon the petitioner, Central Aguirre Sugar Company, for payment, within ten days from such service, of the sum of $307,772.64, with interest thereon at the rate of 1 per cent from August 11, 1941, claiming said sum to be due from the petitioner under the provisions of Act No. 74 of August 6, 1925 (Laws of 1925, p. 400), as amended by Act No. 31 of April 12, 1941 (Laws of 1941, p. 478), and by Act No. 159 of May 13, 1941 (Laws of 1941, p. 972), of the Legislature of Puerto Rico, as income tax withheld by the petitioner at source at the rate of 19 per cent with respect to the dividend paid by the petitioner during 1940 to its shareholder Central Aguirre Associates. After a reconsideration and revocation of the "Notice and Demand" from the Treasurer had been requested within 10 days from the date thereof, the Treasurer by a letter dated December 10, 1941, denied such reconsideration and affirmed its former decision. On the 20th of that same month and year, the petitioner filed a complaint before the Court of Tax Appeals. A hearing was held and the case was submitted to that tribunal on December 8, 1942. On August 17, 1943, the case was resubmitted to the Tax Court of Puerto Rico, and the latter on May 11, 1944, rendered a decision dismissing the complaint. Thereupon the petitioner paid under protest the total sum claimed by the Treasurer and filed a petition for certiorari in this court.

■■ The essential error assigned by the petitioner is that the respondent tribunal erred in deciding that in accordance with the provisions of Act No. 31 of April 12, 1941, and of Act No. 159 of May 13, 1941, which became effective

on August 11, 1941, with retroactive effect to January 1, 1940, the petitioner was bound to withhold and pay to the Treasurer of Puerto Rico a tax on the dividend paid by the petitioner to Central Aguirre Associates on July 15, 1940, when such dividend payment was not subject to tax under the law then in force.

Section 22 (*a*) of the Income Tax Act of 1924, as amended by Act No. 102 of May 14, 1936 (Laws of 1936, p. 524), in force on July 15, 1940, when the dividend payment in question was made, provided that all persons, in whatever capacity acting, who had the control, custody, disposal, or payment of interest, rent, salaries, commissions, compensations, or other annual or periodical gains, benefits, and income of any nonresident individual not a citizen of Puerto Rico, or of any partnership not engaged in trade or business within Puerto Rico, "other than income received as dividends of the class allowed *as a credit by subdivision (a) of Section 18,*" *shall deduct and withhold from such gains, benefits, and income* a tax equal to 6 per cent thereof. Subdivision (*b*) of said § 22 provides in effect that every person required by subdivision (*a*) to deduct and withhold said tax and to pay the same to the Insular Treasury shall be liable for the payment thereof.

Section 18 (*a*) of the same Act in force on July 15, 1940, provided:

"Section 18.—For the purpose of the normal tax only there shall be allowed the following credits: (a) The amount received as partnership profits or dividends (1) from a domestic corporation or (2) from a foreign corporation when it is shown to the satisfaction of the Treasurer that more than 50 per centum of the gross income of such foreign corporation for the three-year period ending with the close of its taxable year preceding the declaration of such dividends . . . was derived from sources within Puerto Rico. . ."

A slight reading of the statutory provisions above referred to is sufficient to reach the following unavoidable conclusions: (1) On July 15, 1940, Central Aguirre Associates,

an association domiciled in Boston, Mass., and a stockholder of the domestic corporation Central Aguirre Sugar Company, was not bound under any law of Puerto Rico to pay an income tax on the sum of $1,619,856 which it received on that date from said domestic corporation as dividend on the shares of stock registered in its name; (2) on July 15, 1940, the Central Aguirre Sugar Company was not authorized nor required by any statute of Puerto Rico to deduct and withhold any part of the dividends which under the law it was authorized and bound to pay in full to its stockholders; and (3) that on the above-mentioned date, the Central Aguirre Sugar Company was not, nor could in any way be considered as, a withholding agent, inasmuch as no law existed at that time authorizing or requiring it to withhold any tax on dividends paid to its stockholders.

By Act No. 31 of April 12, 1941, the Legislature amended subdivision (a) of § 22 of the Income Tax Act, in the sense of imposing on "all corporations and partnerships having the control, receipt, custody, disposal, or payment of . . . dividends . . . of any nonresident individual not a citizen of Puerto Rico" the duty to "deduct and withhold" from such dividends "the normal and additional tax fixed by this Act on any nonresident individual not a citizen of Puerto Rico." Said Act No. 31 of April 12, 1941, also amended § 32 of the Income Tax Act by eliminating therefrom the provisions of subdivision (a) (6) whereby the corporations, in computing their net income, were allowed to deduct the amounts received as dividends from a domestic corporation. The said Act No. 31 expressly provides that the amendments above referred to shall have a retroactive effect to January 1, 1940. It is precisely on this alleged retroactivity of the Act that the Treasurer bases his right to demand from the Central Aguirre Sugar Company the payment of the tax imposed for the first time by the 1941 amendment upon the shareholders who received their dividends on July 15, 1940.

That the association or trust, Central Aguirre Associates, and its shareholders or members are retroactively bound to pay the tax imposed by § 28 or by § 35, as amended by Act No. 31 of April 12, 1941, is a question as to which we have no doubt, especially since our decision in *Ballester* v. *Court of Tax Appeals,* 61 P.R.R. 460.

The only question for us to consider and decide is whether it was the intention of the Legislature to give retroactive effect to the provisions of § 22 (*a*) of Act No. 31 of April 12, 1941, so as to render the Central Aguirre Sugar Company liable for its failure to discharge, on July 15, 1940, an obligation—that of withholding and retaining the amount of a tax on said dividends—which had no legal existence until April 12, 1941.

Section 22 of the Act of 1941, after imposing on corporations the duty to deduct and withhold from the amount of the dividends that of the tax levied by said Act on nonresident individuals not citizens of Puerto Rico, provides that "Every such person, partnership or corporation is hereby made liable for such tax . . ."

It has been admitted that on July 15, 1940, when the petitioning corporation paid to its stockholders the dividends to which they were entitled, there was no law authorizing the Treasurer of Puerto Rico to assess a tax on said dividends, which were expressly exempt from the income tax by the above-mentioned provisions of §§ 22 (*a*) and 32 (*a*) (6) of the Income Tax Act of 1924; and that on July 15, 1940, the law then in force did not require the corporation making the dividend payment to act as an agent of the Treasurer of Puerto Rico for the deduction and withholding of the tax.

We can not agree with the Treasurer that it was the intention of the Legislature to make applicable the retroactive provision of § 29 of Act No. 31 of April 12, 1941, not only to the imposition of the tax but also to the purely adminis-

trative provisions of § 22 (a) of the same Act, relating to the withholding of the tax at the time of making the dividend payments. It would be absurd to assume that the Legislature intended to impose on the petitioning corporation the duty to withhold what it had already paid to its stockholders under the prior legislation. We are bound to construe the statutes reasonably and to avoid as far as possible the raising of serious constitutional questions. The interpretation of the statute in the manner contended by the Treasurer would give rise to a most serious constitutional question. See *Luce & Co.* v. *Minimum Wage Board*, 62 P.R.R. 431.

In 1934 the Federal Congress enacted a law changing the normal income tax rate retroactively to January 1st of the same year. The Federal tax officials, charged with the duty of executing said law, have interpreted the same, thus:

"Advice is requested whether Section 143 of the Revenue Act of 1934, providing for withholding of tax at the rate of 4 per cent on interest payments made to nonresident alien individuals, or partnerships not engaged in trade or business within the United States and not having any office or place of business therein and composed in whole or in part of nonresident aliens, is retroactive to January 1, 1934, or whether the rate of 4 per cent applies only to interest payments made subsequent to the enactment of the Revenue Act of 1934—May 10, 1934.

"Section 11 of the Revenue Act of 1934, imposing a normal tax of 4 per cent upon the net income of every individual (including a nonresident alien individual) in excess of the credits against net income, is retroactive to January 1, 1934, but the withholding provisions of Section 143 of the Act (which are merely administrative provisions providing for the collection at the source of tax imposed under other sections of the statute) *are not retroactive, since withholding can be made only at the time of payment of the income.* The provisions of Section 143 of the Revenue Act of 1934 are, therefore, applicable only to interest payments made after May 10, 1934." (Italics ours.) IT 2798, XIII—2—C.B. 90. Paul and Mertens, Law of Federal Income Taxation, 1939, Cumulative Supplement, p. 2368.—See also Mertens, vol. 10, p. 124, § 56.23, note 3; and Fed. Tax Service, 1941 Commerce Clearing House, volume 3, par. 6332.

Section 22 (*a*) of the Act of 1941 imposes on corporations ''having the control, custody, disposal, or payment'' of dividends to any nonresident individual not a citizen of **Puerto** Rico, the duty of deducting and withholding the tax fixed by said Act. It can not be maintained that at the time of the taking effect of said Act the petitioning corporation had under its custody or control or at its disposal the dividend paid to its stockholders on July 15, 1940.

In accordance with the Federal ruling above-mentioned, we must conclude that the provisions of the statute which relate to the witholding of the amount of the tax at the time of payment of the dividends, are administrative in character and, as such, do not have the retroactive effect given by the same Act to the Sections imposing the tax. Recently, in the case of *Ana María Sugar Co.* v. *Buscaglia, Treas.*, decided on December 5, 1944, when interpreting the Section regarding the retroactive operation of the same Act, we held that the retroactive provision was not applicable to another Section whereby the limitation period was increased from five to seven years.

Section 81(*b*) of the Income Tax Act does not support the position of the Treasurer. Apart from the fact that no evidence has been introduced to show that at the time of the payment the petitioner was a debtor of Central Aguirre Associates, it suffices to say that § 81(*b*) is applicable only to payments voluntarily made by a debtor on account of payments made or to be made to separate creditors. In the case at bar the petitioner was compelled to pay and it paid under protest.

In our judgment, no tax is more just or reasonable than the one which the present law imposes on dividends paid by domestic corporations to nonresident investors. It seems only fair that those who derive gain from the exploitation of our sources of wealth, and who enjoy the protection of our laws without paying any other tax, should contribute a portion of their profits to the support of our government

and to the improvement of the living conditions of our people. Nevertheless, the unquestionable fact is that until the enactment of Act No. 31 of April 12, 1941, our Legislature had permitted the withdrawal of said dividends from the Island for remittance to the mainland and to foreign countries without their contributing in the least to the support of the Island's fiscal burdens. Even the very Act of 1941 does not contain any provision expressly authorizing the Treasurer of Puerto Rico to require from those corporations which have already paid dividends pertaining to 1940, that they withhold, out of any dividends which may have been declared subsequent to 1940, or which may be declared in the future, the amount of the tax imposed by the new Act upon the nonresident stockholders with respect to dividends received by them in the month of July, 1940. It is incumbent on the Legislature—not on the judicial tribunals—to grant such authorization to the Treasurer.

Whether the Treasurer of Puerto Rico may, under the laws now in force, subject or affect in any way the dividends which the Central Aguirre Sugar Company may now or hereafter hold or control for payment to Central Aguirre Associates, and whether said Treasurer may, under our procedural laws, subject or bind to the payment of unsatisfied taxes the shares of stock held by Central Aguirre Associates in the Central Aguirre Sugar Company, are questions not involved in this proceeding and which we will therefore pass without expressing any opinion thereon. What we can only decide, and do decide, is that the Tax Court of Puerto Rico erred in holding that the Central Aguirre Sugar Company was bound to pay, out of its own funds, the tax levied on, and not paid by, Central Aguirre Associates with respect to the dividends received by it in 1940.

The second question raised by the petitioner is that Act No. 31 of 1941, in so far as it imposes a tax on foreign corporations at the rate of 19 per cent, while it imposes a tax on domestic corporations at the rate of 17 per cent, con-

stitutes an illegal discrimination, violates the rule of uniformity of taxation, and is contrary to the Organic Act of Puerto Rico and the Federal Constitution.

Since we have decided the first question in favor of the petitioner, we deem it unnecessary to pass upon the second. We will reserve our opinion thereon until such time as the parties concerned in the various proceedings now pending before this court shall have had an opportunity to be heard and to give this court the benefit of their views.

For the reasons stated, the decision rendered by the respondent tribunal on May 11, 1944, must be set aside and the case remanded to that tribunal with directions to render another ordering the return to the petitioner of the amount paid under protest, with accrued interest to the date of such return, at the rate fixed by law.